GARDEN, JUDGE:
On the morning of October 30, 1974, at about 8:10 A.M., the claimant was proceeding in a southerly direction on West Virginia Route No. 21 toward Charleston where she was employed by the County Court of Kanawha County. In route she was stopped by a flagman employed by the respondent. After being detained for a *13 short time, she was directed by the flagman to proceed, she being the first car in the line of stopped traffic. At that time she did not observe any road work being conducted, and she was directed by the flagman to continue her journey in the southbound lane. Route 21 at and near the subject area is a two-lane roadway, one lane for northbound traffic and one lane for southbound traffic.
After proceeding some 200 to 300 feet, the claimant testified that her car’s movements felt strange and that she thought one of her tires had become flat. She thereupon pulled off the road and onto the berm and thereupon discovered that her car, and in particular, the tires were covered with tar. Apparently the respondent’s employees had been engaged in tarring this particular section of Route 21. The claimant testified that it had been raining that morning, and that she had been unable to visualize the fresh tar on the asphaltic surface of the road. Claimant testified that the tar had not been applied on the northbound lane, and that as she proceeded south in the southbound lane, she did not observe any traffic coming north on the northbound lane. Claimant further testified that she and her husband worked almost all day in attempting to remove the tar from her car, and that they suffered a combined loss of income of $36.00; that they spent $2.00 for diesel fuel for use in removing the tar; and that clothing valued at $20.00 was ruined. The respondent offered no evidence to dispute the testimony of the claimant.
We are of the opinion that the undisputed evidence establishes negligence on the part of the respondent’s employee flagman. We must assume that this employee was aware of the tarring operation taking place in the southbound lane but failed to warn the claimant of the freshly applied tar in the southbound lane and failed to instruct her to proceed south temporarily in the northbound lane.
For the reasons stated above, we are of the opinion to and do hold that the claimant is entitled to an award in the amount of $58.00.
Award of $58.00.